Stephen C. Ferlmann (SBN: 214881)
Chapter 7 Trustee
P.O. BOX 579375
MODESTO, CA 95357-9375
Tel: (209) 236-1311
Fax: (209) 236-1811

TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| In Re:<br><br>KENG VANG<br>THAO YE<br><br><br><br>Debtors. | Case No: 10-28652-C-7<br>Chapter 7 Case<br>DC No. SCF -1<br>Date: December 21, 2010<br>Time: 09:30 a.m.<br>Place: 501 I Street, 6th floor, Courtroom 35<br>Sacramento, CA |

**MOTION TO APPROVE SETTLEMENT OF CONTROVERSY**

TO:   The Honorable Christopher M. Klein, U.S Bankruptcy Judge:

The Chapter 7 trustee, Stephen C. Ferlmann, moves the Court pursuant to Federal Rule of Bankruptcy Procedure 9019 for an Order approving a settlement of a dispute between the bankruptcy estate of Debtors, KENG VANG and THAO YE and the Debtors' brother, XUE VANG and in support of this motion, respectfully represents:

1.   This Court has jurisdiction of this matter under 28 U.S.C § 1334 and 157(a).

2.   On April 5, 2010 the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in the above entitled court. Stephen C. Ferlmann is the duly appointed Trustee in the case.

3.   Among the assets which may constitute property of the estate is a potential cause of action to recover a $3,000.00 preference payment to XUE VANG.

4. The Trustee is informed and believes that XUE VANG is the brother of one the Debtors.

5. The Trustee alleges that the Debtors paid $3,000.00 to XUE VANG for previous debts incurred within the preference period.

6. The Trustee has yet to commence an adversary proceeding in this matter.

7. The Trustee, the Debtors, and XUE VANG have agreed to settle the dispute over the alleged preferential payment whereby XUE VANG shall pay to STEPHEN C. FERLMANN, as Trustee, the total sum of $2,000.00.

8. XUE VANG has tendered to the Trustee the sum of $2,000.00. The Trustee is holding the settlement proceeds in trust pending Court approval of the settlement.

9. Trustee believes that the settlement agreement is in the best interests of the Debtors' estate and the creditors therein, and the Trustee should be authorized to accept the settlement amount. In so doing, the bankruptcy estate will avoid the expense of litigation in resolving the dispute over the alleged preferential payment and the uncertainty and expense of collecting any resulting judgment.

WHEREFORE, Trustee, respectfully requests that the Court approve the above-described settlement agreement between the Trustee, the Debtors and XUE VANG resolving the issue over the above- alleged preference payment and for such other and further relief as the Court may deem just and proper.

Dated: 11/19/10

Stephen C. Ferlmann
Chapter 7 Bankruptcy Trustee